## UNITED STATES DISTRICT COURT
## WESTERN DISTRICT OF NORTH CAROLINA
## CHARLOTTE DIVISION
## NO. 3:20-CV-00561-FDW

LATAWSHA TOOMER,

   Plaintiff,

 v.            **<u>ORDER</u>**

COMMISSIONER OF SOCIAL
SECURITY,

   Defendant.

   THIS MATTER is before the Court on Plaintiff's Motion for Attorney Fees under the Equal Access to Justice Act ("EAJA"). (Doc. No. 18). The Government consents to the motion. (Doc. No. 18, p. 2). For the reasons stated below, Plaintiff's Motion, (Doc. No. 18), is GRANTED.

   On July 21, 2021, this Court entered an Order remanding this matter to the Commissioner for further proceedings upon the filing of Defendant's Motion to Remand. (Doc. Nos. 15, 16). Shortly thereafter, Plaintiff filed the instant motion, seeking an award of $4,675.00 in attorney's fees. (Doc. No. 18).

   Granting a motion for attorney's fees and costs to the "prevailing party" under the EAJA is proper "unless the court finds that the position of the United States was substantially justified or that special circumstances make an award unjust." 28 U.S.C. § 2412(d)(1)(A). The EAJA provides for a "reasonable" award of attorney's fees. 28 U.S.C. § 2412(d)(2)(A) (2018). In determining whether such award is reasonable,

> [t]he most useful starting point . . . is the number of hours reasonably expended on the litigation multiplied by a reasonable hourly rate. This calculation provides an objective basis on which to make an initial estimate of the value of a lawyer's services. The party seeking an award of fees should submit evidence supporting the hours worked and rates claimed. Where the documentation of hours is inadequate,

1

the district court may reduce the award accordingly. The district court should also exclude from this initial fee calculation hours that were not "reasonably expended." Cases may be overstaffed, and the skill and experience of lawyers vary widely. Counsel for the prevailing party should make a good faith effort to exclude from a fee request hours that are excessive, redundant, or otherwise unnecessary, just as a lawyer in private practice ethically is obligated to exclude such hours from his fee submission.... Hours that are not properly billed to one's *client* also are not properly billed to one's *adversary* pursuant to statutory authority.

Hensley v. Echerhart, 461 U.S. 424, 433-34 (1983) (quotation and citation omitted) (emphasis in original). Notably, the party seeking the attorney fee award bears the burden of establishing reasonableness. Hyatt v. Barnhart, 315 F.3d 239, 253 (4th Cir. 2002).

In evaluating whether a requested award is reasonable, district courts enjoy substantial discretion. Id. at 254. Courts will typically consider the following factors in determining reasonableness: "(1) the extent of a plaintiff's success; (2) the novelty and complexity of the issues presented; (3) the experience and skill of the attorney; and (4) the typical range of compensated hours in a particular field." Rogers v. Astrue, No. 5:12-cv-00003, 2015 WL 9239000, at *2 (W.D.N.C. Dec. 17, 2015).

Plaintiff seeks a total of $4,675 for roughly 25 hours worked. (Doc. Nos. 18, 19-2). In light of Defendant's consent to the requested fee amount and the fact that the hours worked is reasonable, Gibby v. Astrue, No. 2:09-cv-29, 2012 WL 3155624, at *2-3 (W.D.N.C. Aug. 2, 2012) (recognizing 20 to 40 hour convention), the Court, in its discretion, grants Plaintiff's Motion. (Doc. No. 18).

IT IS THEREFORE ORDERED that Plaintiff is awarded $4,675 in attorney's fees, in full satisfaction of any and all attorney fee claims Plaintiff may have in this case under the Equal Access to Justice Act. Plaintiff's Motion for Attorney Fees, (Doc. No. 18), is GRANTED.

IT IS SO ORDERED.

Signed: August 31, 2021

Frank D. Whitney
United States District Judge

2